# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ali Iman Mohamed,<br><br>      Petitioner,<br><br>v.<br><br>U.S. Department of Homeland Security, I.C.E.,<br><br>      Respondent. | Civ. No. 13-642 (MJD/JJK)<br><br>**REPORT AND RECOMMENDATION** |

Ali Iman Mohamed, Carver County Jail, 606 East 4th Street, Chaska, MN 55318, *pro se*.

Erika R. Mozangue, Esq., Gregory G. Brooker, Esq., and Lonnie F. Bryan, Esq., Assistant United States Attorneys, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on the Petition of Ali Iman Mohamed for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1, Petition for Writ of Habeas Corpus ("Pet.").) The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons discussed below, this Court recommends that Petitioner's Petition for habeas corpus relief be dismissed as moot.

## BACKGROUND

Petitioner is a citizen and national of Somalia. (*See generally* Doc. No. 8, Return by U.S. Dep't of Homeland Sec. ("Resp. 1"); Doc. No. 9, Exhibit List ("Resp. 1 Exs."), Ex. 1 at 3.) He obtained status as a lawful permanent resident in the United States on October 7, 1993. (Resp. 1 Exs., Ex. 1 at 41.)

On September 13, 2005, Petitioner pled guilty to one count of felony assault. (*Id.* at 7.) He was sentenced to 21-months imprisonment. (*Id.*) On September 30, 2008, Petitioner was found guilty of possessing a firearm while prohibited from doing so under Minnesota state law. (*Id.* at 26–27.) He was sentenced to 60-months imprisonment. (*See id.* at 34; Resp. 1 Exs., Ex. 5 at 2 ("The SUBJECT is currently serving 60 month sentence for a conviction of Possess Pistol/Assault Weapon-Conviction of a Violent Crime within 10 years.").)

While serving out the latter sentence, Petitioner was interviewed by Immigration and Customs Enforcement ("ICE"). (Resp. 1 Exs., Ex. 5) After review of Petitioner's criminal record and pattern of behavior in the United States, ICE issued a Notice to Appear for removal proceedings. (Resp. 1 Exs., Ex. 1 at 1.) On June 27, 2012, Petitioner was taken into ICE custody (*see* Resp. 1 Exs., Ex. 1 at 40), and on July 12, 2012, an immigration judge ordered Petitioner's removal to Somalia. (*See id.* at 38, 40.)

On March 21, 2013, Petitioner filed his Petition for Habeas Corpus relief, requesting that this Court order his release from ICE custody, with supervision. (Pet. 2, 6, 8.) Petitioner relied on *Zadvydas v. Davis*, 533 U.S. 678 (2001), for

the position that his detainment by ICE extended beyond what the U.S. Supreme Court found to be a "presumptively reasonable period of detention" and that ICE could not rebut his showing that there was "no significant likelihood of [his] removal in the reasonably foreseeable future." (*Id.* at 12 (quoting *Zadvydas*, 533 U.S. at 701) (emphasis removed).)[1] He claimed his detention was impermissibly indefinite, which warranted his release. (*Id.* (citing *Zadvydas*, 533 U.S. at 689).)

On March 22, 2013, this Court ordered Respondent to file a written response showing cause for Petitioner's continued detainment. (Doc. No. 2, Order dated Mar. 22, 2013.) On April 25, 2013, Respondent filed its initial response to the Petition, indicating that Petitioner's removal was expected in June 2013. (Resp. 1 at 11, 16, 18.) On May 1, 2013, Respondent filed an amended response with a supplemental declaration, indicating that the Somali government had issued Petitioner travel documents, making his removal "likely in the foreseeable future." (Doc. No. 13, Amended Return ("Resp. 2") 1; *see also* Doc. No. 14, Supplemental Decl. of Adam Kline ("Kline Decl. 1") 1–2.) Finally, on June 26, 2013, Respondent filed a supplemental response, which moved the Court to dismiss Petitioner's request for habeas corpus relief (Doc. No. 19, Resp't's Supplemental Return to Pet. for Writ of Habeas Corpus and Order to Show Cause ("Resp. 3") 1, 7), because Petitioner was successfully removed to

---

[1] As the present case developed, Petitioner also challenged his removal order (*see* Resp. 1 at 5 n.2), and the constitutionality of ICE's status-review procedures. (Doc. No. 16, Letter to Magistrate Judge Keyes by Ali Iman Mohamed ("Letter") 1). These challenges have no bearing on the outcome of this Petition. Therefore, this Court will not address the matters further.

Somalia and the Somali government had accepted him into the country. (*Id.* at 2; *see also* Doc. No. 20, Supplemental Decl. of Adam Kline ("Kline Decl. 2") 1–2.)

**DISCUSSION**

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (internal quotations omitted). The question, then, is whether Petitioner's removal effectively moots his request that the Court order his release from detention.

In *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237 (11th Cir. 2002), an appeal from a petition for release from detention was found to be moot when the petitioner was removed and was no longer being detained. The Eleventh Circuit determined that "no order . . . requiring the INS to release [the petitioner] into the community awaiting his final removal could have any effect." *Id.* at 1243. Relying on the reasoning in *Soliman*, the District of Minnesota found that a petition for release became moot when the petitioner departed to and sought asylum in Canada. *Omar v. I.N.S.*, No. 02-1387 (MJD/JGL), 2003 WL 23741854, at *1 (D. Minn. Oct. 2, 2003). Although this case did not deal with removal, it illustrated the general effect of non-custody on petitions for release from detention.

4

Moreover, recent cases in the District of Minnesota have expressly found habeas corpus petitions for release from detention moot when the petitioners have been removed from the United States. *See, e.g.*, *Orellana v. Napolitano*, No. 12-1184 (JRT/AJB), 2012 WL 6006038, at *2 (D. Minn. Nov. 6, 2012) ("Petitioner was removed from the United States . . . . Because [p]etitioner is no longer in state custody, he lacks standing to bring a claim for wrongful detention under 28 U.S.C. § 2241."), *report and recommendation adopted*, 2012 WL 6005776 (D. Minn. Nov. 30, 2012); *Estrada-Heredia v. Holder*, No. 12-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) ("Petition challenged only the length of [petitioner's] ICE detention . . . . This Court can no longer order the relief sought . . . because [petitioner] has already been repatriated to Mexico. Quite simply, there is nothing for us to remedy . . . ." (internal quotations omitted)), *report and recommendation adopted*, 2012 WL 4839019 (D. Minn. Oct. 11, 2012).

In this case, Petitioner sought release from ICE custody. (Pet. 2, 6, 8.) Petitioner has now been repatriated to Somalia. Because of this, a writ of habeas corpus cannot provide the relief he sought, and the Petition is moot.

### RECOMMENDATION

Based on the above, and on all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1), be **DISMISSED AS MOOT**.

Date: July 2, 2013

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 16, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen** days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.